# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| PADEN CLAY, § | |
|          Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-720-Y |
| § | (Consolidated with No. 4:07-CV-721-Y) |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|          Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Paden Clay, TDCJ-ID #1312456, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Woodville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In June 2004 Petitioner was charged by indictment in the Criminal District Court Number

Four of Tarrant County, Texas, cause no. 0933981D, with the attempted murder (count one) and aggravated assault (count two) of Anthony Clay, his brother, by shooting him in the head with a firearm. (Clerk's R. at 2-3) The indictment also included a habitual offender allegation. (*Id.*)

The facts taken from the court of appeals's opinion indicate that Anthony Clay and Petitioner had recently purchased a car together. However, after Anthony Clay heard that Petitioner had been driving the car erratically, while intoxicated and discharging a firearm, he became concerned and asked Petitioner to return the car to him. Petitioner did not return the car and Anthony Clay learned that Petitioner had tried to have the car's registration changed. Soon after, Anthony took the car without warning Petitioner and hid it in his girlfriend's garage, intending to return it to the car dealer the next morning. Later that night, Petitioner approached the bedroom window where Anthony Clay and his girlfriend, Jacqueline Green, were sleeping. He demanded that Anthony Clay come outside and talk to him. Anthony Clay refused and about thirty to forty-five minutes later, a shot was fired through the bedroom window. Anthony Clay then observed Petitioner kick in the front door and enter the residence with a gun in his hand. Seeing Petitioner walk towards the bedroom a pistol in his hand, Anthony Clay slammed the bedroom door shut. However, Petitioner attempted to force open the door and shouted profanities. Petitioner then fired two shots through the door, grazing his brother in the head. At that point Anthony Clay opened the bedroom door, led Petitioner to the garage, and fled down the street. Green's testimony confirmed Anthony Clay's rendition of the facts. Green testified that at about two o'clock in the morning, she heard Petitioner plead with his brother to come outside and that thirty to forty-five minutes later she heard a gunshot and felt glass and wood shatter over her face. After running to her children's bedroom, she heard Petitioner in the house shouting. She then heard two more shots. Petitioner denied knowing anything about the

2

shooting.

After deliberating, the jury found Petitioner guilty on count two, and, following the punishment phase, found against Petitioner on the habitual offender notice and assessed his punishment at twenty-five years' imprisonment. (Clerk's R. at 186) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Clay v. Texas*, No. 2-05-259-CR (Tex. App.–Fort Worth May 4, 2006); *Clay v. Texas*, PDR No. 1186-06.

Petitioner subsequently filed three state applications for writ of habeas corpus raising one or more of the issues presented herein. The first application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Clay*, No. WR-66,780-01, at cover. The last two were dismissed as successive. *Id*. WR-66-780-02 & WR-66-780-03. This federal petition followed.

D. ISSUES

Petitioner's claims are vague and largely indecipherable and have been construed as follows:

1. He received ineffective assistance of trial and appellate counsel;

2. The evidence was insufficient to support his conviction. (Petition at 7-8)

E. RULE 5 STATEMENT

Quarterman believes that Petitioner has exhausted available state remedies with regard to the issues presented. (Resp't Answer at 4) 28 U.S.C. § 2254(b)(1).

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the particular case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). A petitioner must rebut by clear and convincing evidence the presumption that a state court's factual findings are correct. *Id.*; *Foster v. Johnson*, 293 F.3d 766, 776 (5th Cir. 2002). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2. Sufficiency of the Evidence

Petitioner challenges the sufficiency of the evidence to support his conviction by attacking

the credibility of the state's witnesses. He also points to purported letters to him from Anthony Clay and Green apologizing for wrongfully accusing him and admitting they lied at his trial. Thus, in the absence of evidence linking him to the offense, he maintains there is no evidence or insufficient evidence that he committed the offense. *Ex parte Clay*, State Habeas Application No. WR-66,780-02, at 32.

To the extent Petitioner raises a factual sufficiency of the evidence claim, the claim is not cognizable on federal habeas corpus review. *Woods v. Cockrell,* 307 F.3d 353, 358 (5th Cir. 2002). Furthermore, the assessment of the credibility of witnesses is generally beyond the scope of habeas review. *Schlup v. Delo*, 513 U.S. 298, 330 (1995). The trier of fact is solely responsible for determining the weight and credibility of the evidence. *United States v. Ramirez*, 233 F.3d 318, 320 (5th Cir. 2000). Courts view any required credibility determinations in the light most favorable to the guilty verdict. *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not second-guess the weight or credibility given the evidence. *United States v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999). Recanting witnesses are viewed with extreme suspicion by the courts. *Summers v.* Dretke, 431 F.3d 861, 878 (5th Cir. 2005); *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996).

To the extent Petitioner raises a legal sufficiency of the evidence claim, the claim, raised for the first time in his state habeas application(s), is procedurally barred. As a matter of Texas jurisprudence, sufficiency of the evidence may be raised on direct appeal, but is not cognizable on collateral review. *See Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). The state habeas court expressly relied upon this procedural default and concluded that Petitioner was barred from raising the claim. *Ex parte Clay*, State Habeas Application No. WR-

5

66,780-01 at 40. This procedural default in state court is an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801- 07 (1991). Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Petitioner's legal sufficiency of the evidence claim is procedurally barred from this court's review.

### 3. Ineffective Assistance of Counsel

Petitioner's ineffective assistance claims are generally construed as follows: trial counsel was ineffective by failing to (1) raise trial objections, (2) explain his innocence and the evidence to the jury, (3) present a defense, (4) show interest in his case, and (5) file motions. Appellate counsel was ineffective by failing to (1) show interest in justice, (2) submit "important errors" on appeal, and (3) cite to legal authority in the appellant's brief.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

A court must indulge a strong presumption that counsel's conduct fell within the wide range

of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Santellan v. Cockrell*, 271 F.3d 190, 198 (5th Cir. 2001). Under this standard, the state courts' application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

In state court and now, Petitioner has presented no evidentiary basis for his ineffective assistance claims, and, at least one of his claims is plainly refuted by the record of the state court proceedings. Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Further, the state habeas judge, who was also the state trial judge, entered express findings of fact refuting Petitioner's claims, and concluded that he had failed to prove deficient performance on the part of counsel or a reasonable probability that, but for counsel's alleged acts of misconduct, the result of his trial or appeal would have different. *Ex parte Clay*, State Habeas Application No. WR-66-780-01 at 35-43. Petitioner makes no effort to rebut the presumptive correctness of the state court's findings, which formed the basis of the Texas Court of Criminal Appeals's denial of state habeas relief, or it's adjudication of his claims nor does an independent review of the state court

7

records reveal clear and convincing evidence that would rebut the presumption of correctness.

Petitioner has failed to prove that the state courts' determination of his claims is contrary to or involves an unreasonable application of *Strickland* or that the state courts' determination is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 12, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 12, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 22, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE